**ALD-361**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3196
_____

IN RE:  ROBERT STURMAN,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 09-cr-00665-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 5, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed:  October 3, 2014)
_____

**OPINION**
_____

PER CURIAM

Pro se litigant Robert Sturman has filed a petition for a writ of mandamus,

requesting that we compel the District Court to act on his pending motion filed pursuant

to 28 U.S.C. § 2255.  For the reasons set forth below, we will deny the petition.

In June 2013, Sturman filed a § 2255 motion challenging his convictions for

interstate transportation of stolen property, mail fraud, and wire fraud.  The Government

filed its response, and after a permitted extension, Sturman filed his reply on December

30, 2013.  He subsequently filed two amendments to that document:  one in January 2014

and one in March 2014. On July 8, he filed a petition for a writ of mandamus in this Court alleging extraordinary delay in the adjudication of his motion below.

Mandamus is a drastic remedy that is available only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). The manner in which a court manages its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), but nonetheless, "an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We find no failure to exercise jurisdiction in this case. Although an eight-month delay is not insignificant and does raise some concern, see id., we do not believe that it is so lengthy as to justify our intervention at this time. We are confident that the District Court will rule on the § 2255 motion without undue delay. Accordingly, the petition is denied. This denial is without prejudice to Sturman's filing a new petition for a writ of mandamus, should the District Court fail to act on his § 2255 motion within a reasonable time.